J-S07042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHAKHANNAH DUPREAY SMITH | |
| Appellant | No. 1184 MDA 2014 |

Appeal from the Order Entered July 8, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000192-2011

BEFORE:  BENDER, P.J.E., OLSON, J., and OTT, J.

MEMORANDUM BY OTT, J.:                          **FILED MAY 26, 2015**

Chakhannah Dupreay Smith appeals from the order entered in the Lycoming County Court of Common Pleas, dated July 8, 2014, dismissing his first petition filed under the Post-Conviction Relief Act ("PCRA").[1]  Smith seeks relief from the judgment of sentence of four to eight years' incarceration imposed on September 20, 2011, after pleading guilty to one count of persons not to possess firearms.[2]  On appeal, Smith raises a claim of PCRA court error with respect to the credibility of a witness.  Based on the following, we affirm.

The PCRA court set forth the factual background as follows:

---

[1]  42 Pa.C.S. §§ 9541-9546.

[2]  18 Pa.C.S. § 6105(c)(2).

On January 27, 2011, Smith was charged with two criminal counts. Under Count I, Smith was charged pursuant to 18 Pa.C.S. § 6105 (Persons Not to Possess a Firearm), a felony in the second degree and under Count II he was charged pursuant to 35 P.S. [§] 780-113[(a)](31) (Possession of a Small Amount of Marijuana), a misdemeanor. At that time, Mr. John G[i]rardi, a Pennsylvania State Parole Agent, supervised Smith related to a life sentence Smith received in New York State for a drug conviction in 1997. Subsequent to the New York conviction, Smith was also convicted for drug related charges locally. In 2004, Smith was convicted in Clinton County for possession with intent to deliver. Smith was convicted twice in Lycoming County for selling drugs. Smith received a 2-5 year sentence for a drug related conviction in Lycoming County on 2007 charges. On January 27, 2011, Girardi had been supervising Smith for New York State for about 8 months.

…

While under the supervision of Agent Girardi, Smith resided with his mother at 617 High Street in Williamsport, Pennsylvania. The residence was subject to a home approval by parole and an agreement permitting searches. As the agent supervising Smith related to Smith's life sentence, Girardi was well aware of Smith's criminal convictions for selling and possessing drugs. Agent Girardi received 3 tips from 3 separate individuals over the course of 3 weeks about Smith using or selling drugs. The most recent tip came from an anonymous female who left a message stating that Smith was selling drugs. On January 27, 2011, Agent Girardi orchestrated a home visit of Smith's residence. Girardi requested assistance from the Williamsport Police to use their[] K-9 drug detection dog. (Lycoming parole agents lost their drug detection dog because of funding.) Agent Girardi conducted a home visit of Smith's residence. Girardi knocked on the door and was granted permission to enter the residence. The K-9 officer, Officer Roy Snyder, did not enter the residence at that time. Upon entry into the residence, Girardi smelled marijuana. Shortly thereafter Girardi requested that Snyder deploy the drug detection dog. Once in the residence, the dog alerted to a black nylon luggage bag. A search of the bag revealed an automatic pistol and New York State Correction paperwork with Smith's information. The dog also found a partially smoked marijuana cigarette in plain view on a dresser in a bedroom at the residence where Smith lived. The cigarette tested positive for marijuana. As a

convicted felon on parole, it was unlawful for Smith to possess a firearm and a parole violation to have marijuana at his residence.

PCRA Court Opinion, 5/29/2014, at 1-2.

Following his arrest, Smith filed a petition for *writ* of *habeas corpus*, which was denied on May 25, 2011. On September 20, 2011, Smith pled guilty to one count of persons not to possess firearms. The possession of marijuana charge was dismissed. That same day, the court sentenced Smith to a term of four to eight years' incarceration.

Smith did not file a direct appeal, but did file a *pro se* PCRA petition on September 21, 2012. Counsel was appointed, who filed an amended petition on February 22, 2013. Subsequently, on April 17, 2013, new counsel was appointed to represent Smith. Two evidentiary hearings were held on February 27, 2014, and May 13, 2014. On May 29, 2014, the PCRA court entered an order and opinion, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss the petition unless Smith filed an objection within 20 days.[3] Smith filed objections to that order on June 13, 2014. Nevertheless, on July 8, 2014, the court dismissed Smith's PCRA petition. This timely appeal followed.[4]

_____

[3]  We note Rule 907 is reserved for disposition of a PCRA petition where there is no evidentiary hearing.

[4]  On July 17, 2014, the PCRA court ordered Smith to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).
*(Footnote Continued Next Page)*

On appeal, Smith raises one issue:

Did the lower court err when it found testimony of Officer John Girardi concerning tips from parolees credible in light of the fact that Officer Girardi testified differently at [Smith]'s preliminary hearing?

Smith's Brief at 6.

Our standard and scope of review for the denial of a PCRA petition is well-settled:

[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

*Commonwealth v. Charleston*, 94 A.3d 1012, 1018-1019 (Pa. Super. 2014) (citation omitted), *appeal denied*, 104 A.3d 523 (Pa. 2014).

To be eligible for PCRA relief, [the a]ppellant must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found at 42 Pa.C.S. § 9543(a)(2) (listing, *inter alia*, the ineffective assistance of counsel and the unavailability at the time of trial of exculpatory evidence, which would have changed the outcome of the trial had it been introduced).

*Commonwealth v. Koehler*, 36 A.3d 121, 131-132 (Pa. 2012).

We initially note that Smith's brief is poorly constructed. Smith's argument centers on the assertion that the "PCRA court made a controlling

*(Footnote Continued)* ───────────────

Smith filed a concise statement on July 25, 2014. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on September 22, 2014, relying on its May 29, 2014, and July 8, 2014, opinions and orders. The Commonwealth did not file a responsive brief in this matter.

credibility determination with respect to Officer Girardi's testimony that was not supported by the record." *Id.* at 11. He points to alleged discrepancies in statements made by Agent Girardi, while testifying at the February 4, 2011, preliminary hearing and at the May 13, 2014, PCRA hearing, as to the agent's reasonable suspicion that permitted the search of Smith's residence. *Id.* at 11-13. On its face, this argument does not qualify under any of the enumerated errors found at 42 Pa.C.S. § 9543(a)(2) that would make Smith eligible for relief.

Nevertheless, we are able to discern from Smith's amended PCRA petition, his objections to the Rule 907, and one statement in his brief that he is actually arguing trial counsel was ineffective for counseling him to accept a guilty plea rather than to file a motion to suppress based on the agent's alleged lack of reasonable suspicion. Consequently, he complains that because of counsel's ineffectiveness, his guilty plea was not voluntary, knowing, or intelligent because the evidence would have been suppressed if counsel filed such a motion. *See* Amended Petition for Post-Conviction Collateral Relief and Certified Statement of Defendant, 2/22/2013;[5] *see*

_____

[5] In the amended petition, Smith asserted the following:

> 5. [Smith] was denied his constitutionally guaranteed right to effective representation when trial counsel advised [Smith] that there was no reason to request a suppression hearing.

*(Footnote Continued Next Page)*

- 5 -

*also* Smith's Brief at 12 ("This [testimony at the preliminary hearing] goes to the very heart of [Smith]'s ineffective assistance argument because the issue of reasonable suspicion was never contested.").

With respect to a claim of ineffective assistance of counsel, we are guided by the following:

> It is well-settled that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-91, 104 S. Ct. 2052, 80 L. Ed. 2d 674, (1984). This Court has described the *Strickland* standard as tripartite by dividing the performance element into two distinct components. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975 (Pa. 1987). Accordingly, to prove trial counsel ineffective, the petitioner must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. *Id.* A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.

*Commonwealth v. Elliott*, 80 A.3d 415, 427 (Pa. 2013), *cert. denied*, 135 S.Ct. 50 (U.S. 2014).

---
*(Footnote Continued)*

6. The prejudicial ineffectiveness of trial counsel so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place.

7. [Smith]'s guilty plea was not voluntary, knowing, and intelligent.

8. [Smith] asserts that he relied upon trial counsel's advice that all evidence was admissible when he entered his plea.

Amended Petition for Post-Conviction Collateral Relief and Certified Statement of Defendant, 2/22/2013, at 1.

In his argument, Smith fails to address any of the three prongs of the ineffectiveness test directly. Accordingly, we find he fails to overcome the presumption of counsel's effectiveness. "Counsel's assistance is **deemed constitutionally effective** once this Court determines that the defendant has not established any one of the prongs of the ineffectiveness test." *Commonwealth v. Rolan*, 964 A.2d 398, 406 (Pa. Super. 2008) (citation omitted) (emphasis in original). Therefore, his claim fails.

Additionally, his argument would merit no relief. As noted above, Smith claims the PCRA court erred in finding Agent Girardi's testimony credible. With respect to this assertion, we are guided by the following:

> [W]e must defer to the PCRA court's findings of fact and credibility determinations, which are supported by the record. [*Commonwealth v. Johnson*, 600 Pa. 329, 345, 966 A.2d 523, 532 (2009)] ("The findings of a post-conviction court, which hears evidence and passes on the credibility of witnesses, should be given great deference.") (quotation and quotation marks omitted). The PCRA court, and not the appellate courts, has personally observed the demeanor of the witnesses, and as we indicated in *Johnson*, when a PCRA hearing is held, "we expect the PCRA court to make necessary credibility determinations." *Id.* at 358, 966 A.2d at 539. *See Commonwealth v. Basemore*, 560 Pa. 258, 293-94, 744 A.2d 717, 737 (2000) (offering that particularized assessment of the credibility of testimony is essential to resolution of ineffectiveness claims and that such assessment "is most appropriately accomplished, in the first instance, by the finder of fact").

*Commonwealth v. Spotz*, 84 A.3d 294, 319 (Pa. 2014).

Here, the PCRA found the following:

> The Court … notes that the difference in [Agent Girardi's] testimony at the preliminary hearing as compared to the PCRA hearing is consistent with the differences in the purpose of those proceedings. At the preliminary hearing it was determined

- 7 -

whether there was sufficient evidence to proceed at trial whereas one of the issues at the PCRA hearing was whether the parole officer had a reasonable suspicion to search the residence. As a result, the testimony elicited may have had a different focus. To find in [Smith]'s favor in the PCRA petition, this Court would have had to find that Officer Girardi was not credible. Instead, this Court found Officer Girard[i]'s testimony credible.

Order, 7/8/2014, at 1-2.

We agree with the PCRA court's sound analysis and reiterate that credibility determinations are vested solely with the PCRA court. **See Spotz**, **supra**. Accordingly, we discern no error on the part of the PCRA court in dismissing Smith's contention that Agent Girardi was an incredible witness. Therefore, his sole claim fails.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2015